FILED
FEB 2 5 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Dennis Sobin,

   Plaintiff,

v.           Civil Action No. 11 0436

Yolanda Stokes, *et al.*,

   Defendants.

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a case "at any time" it determines that the complaint fails to state a claim upon which relief can be granted.

Plaintiff is a District of Columbia resident and a registered sex offender. In his submission captioned Complaint for Injunction and Judgement [sic] Declaring DC Sex Offender Registry Law Unconstitutional, plaintiff claims that the requirement that "a registrant appear *in person* to submit a verification form every 90 days serves no reasonable protective purpose but is merely punitive." Compl. at 4 (emphasis in original). He notes that some states permit "registrants to verify by mail the accuracy of their information every 90 days. But the DC law goes beyond this." *Id.* at 2. Plaintiff therefore seeks to have the in-person requirement "declared unconstitutional for violating his due process rights under the Constitution of the United States." *Id.* The District of Columbia's Sex Offender Registration Act ("SORA"), D.C. Code §§ 22-

4001-17, is "not punitive." *In re W.M.*, 851 A.2d 431, 434-35 (D.C. 2004); accord *Anderson v. Holder*, 691 F. Supp. 2d 57, 64-65 (D.D.C. 2010); *see In re Doe ("S.D.")*, 855 A.2d 1100, 1102 (D.C. 2004) ("SORA is a remedial regulatory enactment and not a penal law . . . ."). Furthermore, the due process clause is not triggered because plaintiff does not have a liberty interest in convenience. *See Franklin v. District of Columbia*, 163 F.3d 625, 631 (D.C. Cir. 1998) ("unless an individual is threatened with losing 'liberty' within the Fifth Amendment's meaning, it is of no constitutional moment whether the individual will receive 'due process of law.'"); *Atherton v. District of Columbia Office of Mayor*, 567 F.3d 672, 689 (D.C. Cir. 2009) ("Liberty interests may either be located in the Constitution itself or 'may arise from an expectation or interest created by state laws or policies.' ") (citation omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

Date: February 24, 2011

/s/ Colleen Kollar-Kotelly
United States District Judge